

**U.S. Department of Justice**

United States Attorney
District of Maryland
Northern Division

| | | |
|---|---|---|
| Rod J. Rosenstein<br>United States Attorney<br><br>John W. Sippel, Jr.<br>Assistant United States Attorney | 36 South Charles Street<br>Fourth Floor<br>Baltimore, Maryland 21201 | DIRECT: 410-209-4807<br>MAIN: 410-209-4800<br>FAX: 410-962-3124<br>TTY/TDD: 410-962-4462<br>John.Sippel@usdoj.gov |

March 16, 2009

Andrew C. White, Esquire
Silverman, Thompson, Slutkin & White
201 N. Charles Street, Suite 2600
Baltimore, Maryland 21201

    Re:    <u>United States v. Jason Quinones</u>
           Criminal No. JFM-07-0486

Dear Mr. White:

      This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **April 15, 2009**, it shall be deemed withdrawn. The terms of the agreement are as follows:

<u>Offense of Conviction</u>

      1.    The Defendant agrees to plead guilty to Count Four of the Indictment now pending against him, which charges him with possession with intent to distribute 50 grams or more of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

<u>Elements of the Offense</u>

      2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which the Government would prove if the case went to trial, are as follows:

    That on or about October 3, 2007, in the District of Maryland,

        (i) the Defendant possessed a controlled substance;

Andrew C. White, Esquire
March 16, 2009
Page 2

    (ii) the Defendant knew that he possessed a controlled substance; and

    (iii) the Defendant distributed or intended to distribute the controlled substance.

## Penalties

3. The maximum sentence provided by 21 U.S.C. 841(b)(1)(A) for the offense to which the Defendant is pleading guilty is as follows: a term of imprisonment of not less than ten (10) years or more than life, followed by a period of supervised release of at least five (5) years, and a fine of $4,000,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

  a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

  b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. You and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and you would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

Andrew C. White, Esquire
March 16, 2009
Page 3

presumption could be overcome only by proof beyond a reasonable doubt.

      c.      If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

      d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

      e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

      g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

      h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

<u>Advisory Sentencing Guidelines Apply</u>

      5.      The Defendant understands that a sentencing guidelines range for this case (henceforth the "advisory guidelines range") will be determined by the Court pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991-998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.



Andrew C. White, Esquire
March 16, 2009
Page 4

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the following Statement of Facts which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

Detectives of the Baltimore City Police Department participated in an undercover purchase of illegal narcotics with an individual identified as the Defendant, Jason Quinones, on or about October 3, 2007. On or about October 3, 2007, an undercover detective of the Baltimore City Police Department telephoned the Defendant and arranged to meet him at or near the Defendant's residence in Essex, Maryland. When the undercover detective arrived at the agreed upon location, the Defendant appeared from behind the residence and met with an undercover detective to sell the undercover detective cocaine. During the undercover drug transaction, the Defendant handed over approximately 2 ounces of a rock-like substance to the undercover detective. Baltimore City Police Department detectives suspected that the rock-like substance was crack cocaine, based on their training, knowledge, and experience. The suspected cocaine was field tested and resulted in a positive reaction for the presence of cocaine, a schedule II controlled dangerous substance. This substance was later submitted to the Baltimore City Police Department's forensic laboratory for chemical analysis and the forensic laboratory determined the substance to be approximately 54 grams of cocaine base.

7. The parties stipulate and agree that the Defendant qualifies as a career offender and that the base offense level is 37, pursuant to U.S.S.G. § 4B1.1(b)(A).

8. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, the State, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. Based on the foregoing, the adjusted base offense level would be **34**.

9. Because the Defendant qualifies as a career offender, his criminal history category is VI, pursuant to U.S.S.G. § 4B1.1(b).

10. This Office and the Defendant agree that with respect to the calculation of the



Andrew C. White, Esquire
March 16, 2009
Page 5

advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. If the Defendant intends to seek a sentence outside of the advisory guidelines range, he will notify this Office no later than 14 days before sentencing of any factors under 18 U.S.C. § 3553(a) he intends to raise.

### Obligations of the United States Attorney's Office

11. At the time of sentencing, this Office will recommend a sentence within the applicable guidelines range.

12. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

### Waiver of Appeal

13. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any fine, term of supervised release, or order of restitution and any issues that relate to the establishment of the advisory guidelines range, as follows: the Defendant waives any right to appeal from any sentence within or below the advisory guidelines range resulting from an adjusted base offense level of 34 and a criminal history category of VI, and this Office waives any right to appeal from any sentence within or above the advisory guidelines range resulting from an adjusted base offense level of 34 and a criminal history category of VI. Nothing in this agreement shall be construed to prevent either the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), and appealing from any decision thereunder, should a sentence be imposed that is illegal or that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

14. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who



Andrew C. White, Esquire
March 16, 2009
Page 6

prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

15. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

16. This agreement, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant and constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this agreement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign

Andrew C. White, Esquire
March 16, 2009
Page 7

and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
John W. Sippel, Jr
Assistant United States Attorney


I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

3-20-09
Date

_____
Jason Quinones


I am Jason Quinones's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

3/20/09
Date

_____
Andrew C. White, Esquire